THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MIGUEL QUINONES,                    )
                                    )
            Petitioner,             )
                                    )
v.                                  )            Civil Action No. 2:15-0477
                                    )
J. BINYON,                          )
                                    )
            Respondent.             )

PROPOSED FINDINGS AND RECOMMENDATION

On January 9, 2015, Petitioner, a Defendant and detained pending trial in State v. Quinones, Criminal No. 14-F-225, in the Circuit Court of Kanawha County, West Virginia, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 and attached copies of several documents filed in the State Court proceeding. (Document No. 1.)[1] Having examined Petitioner's Petition and the attachments and considered applicable law, the undersigned has determined, and hereby respectfully recommends, that this matter should be dismissed.

PETITIONER'S SECTION 2241 PETITION AND ATTACHMENTS

Petitioner indicates in his Section 2241 Petition that he is a pretrial detainee challenging his pretrial detention since March 7, 2014, upon charges contained in a May, 2014, Indictment in the Kanawha County Circuit Court in State v. Quinones, Criminal No. 14-F-225, alleging his involvement in the murder of Mr. Kareem Hunter. Petitioner states six grounds for claiming that he is being held in violation of the Constitution or laws of the United States and a summary of

---

[1] Because Petitioner is acting *pro se*, his Petition is held to a less stringent standard than if it were prepared by a lawyer and therefore is construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

supporting facts for each ground as follows:

**GROUND ONE:** Violation of 14th Amendment right of due process of law where officers of the Kanawha County Sheriffs Office and the Kanawha County prosecutors Mark Plants and Daniel Holstein in collusion with Matthew Victor, Esq., conspired to present knowing use of false evidence to acquire an arrest warrant and indictment of your Petitioner.

Supporting facts: Kanawha County Prosecutor Mark Plants offered a plea deal to co-Defendant Kelsey Legg that was solicited by her attorney Matthew Victor. As part of the plea, Kelsey Legg had to give a statement to authorities. Said statement was taken by Detective Pile and was used to secure an arrest warrant for this Petitioner. Prosecutor Mark Plants, Matthew Victor and Detective Pile all knew that the majority of information given was false due to evidence and information already in the State's possession. See attachments.

**GROUND TWO:** Violation of this Petitioner's right of due process of law and a fair trial when the Kanawha County prosecutor conspired with Jesse Forbes, Esq., to collaborate with the media as to specific matters of evidence, possibility of a plea deal, culpability of this Petitioner and presentation of false evidence to a tribunal.

Supporting facts: Jesse Forbes, Esq., was appointed to represent a co-Defendant, Deveron Patterson. He colluded with the Kanawha County Prosecutors Office in the knowing presentation of false evidence to a tribunal and the making of illegal extrajudicial statements to the media, i.e., the Charleston Gazette, in an attempt to deprive this Petitioner of his constitutional rights.

**GROUND THREE:** Violation of Petitioner's right of due process of law in that prosecutor Mark Plants and Detective Pile of the Kanawha County Sheriffs Office knowingly and intentionally presented false evidence to a Grand Jury in order to secure an indictment for the charges of murder and conspiracy of which your Petitioner is actually innocent.

Supporting facts: Detectives of the Kanawha County Bureau of Investigations, in collusion with the Kanawha County Prosecutors Office, did knowingly and intentionally coerce Kelsey Legg and Deveron Patterson in, and prior to, giving statements to authorities with false evidence and false allegations in order to wilfully and intentionally present fraud to a Grand Jury of the May Term in Kanawha County to obtain an indictment for murder and conspiracy against this Petitioner when in fact, he is actually innocent.

**GROUND FOUR:** Violation of Petitioner's right to due process of law and right to be free from illegal searches and seizures by the Kanawha County Sheriffs Office Bureau of Investigations.

Supporting facts: Members of the Kanawha County Bureau of Investigations did violate this Petitioner's rights by illegally searching and seizing property in the home of Shawnique Hudson at 1050 Hillcrest Drive, Charleston, WV, 25311, and then falsified reports as to the actual search and seizure of the home and property.

**GROUND FIVE:** Violation of Petitioner's right to effective assistance of counsel.

Supporting facts: Previous counsel of record Edward Rebrook was granted leave to withdraw as counsel of the Petitioner with regard to Indictment No. 14-F-225 in Kanawha County, West Virginia. Counsel was appointed to replace Mr. Rebrook on November 21, 2014. As of this filing former counsel Edward Rebrook has refused to forward the case file belonging to this Petitioner to the newly appointed counsel G. Wayne VanBibber in order to allow appropriate timely preparation and investigation of said case file.

**GROUND SIX:** Violation of your Petitioner's right to due process of law when the Kanawha County Prosecutors Office, Jesse Forbes were colluding and collaborating with the media presenting illegal extrajudicial statements and false assertions of disputed material facts and the tribunal failed to address Defendant's Motion for Gag Order addressing the malfeasance.

Supporting facts: See attachments.

Petitioner requests that the District Court "[d]eem the custody, arrest and indictment illegal mandating immediate release of your Petitioner; and investigation and prosecution of Mark Plants, Daniel Holstein, Jesse Forbes, Matthew Victor, William Edward Rebrook, Detectives of the Kanawha County Bureau of Investigation, Kelsey Legg and Deveron Patterson under 18 U.S.C. § 241 (conspiracy to deprive) and 18 U.S.C. § 242 (deprivation under color of law) in violating this Petitioner's constitutional rights." Petitioner has attached to his Petition copies of the following documents which were apparently filed in State v. Quinones, Criminal No. 14-F-225, in the Circuit Court of Kanawha County: (1) his *pro se* Memorandum of Facts in Support of his Motion to Dismiss (Document No. 1-1, pp. 1 - 47.)[2]; (2) Memorandum of Law in Support of his Motion to Dismiss (Id.,

---

[2] Petitioner indicates in his Petition that he filed his *pro se* Motion to Dismiss in the pending criminal proceedings against him in the Circuit Court of Kanawha County and that the Court refused

3

pp. 48 - 54.); (3) Motion for Immediate Gag/Protective Order (Id., pp. 55 - 68.); and Memorandum of Attachments in Support of Defendant's Motion for Immediate Gag/Protective Order (Id., pp. 69 - 83.).

## DISCUSSION

28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). State and Federal Court pretrial detainees may properly resort to Section 2241 for relief. Davis v. South Carolina, 2008 WL 154126 (D.S.C.)("[P]etitions for federal habeas corpus relief by pretrial detainees can be brought under 28 U.S.C. § 2241 . . ..") Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate "special circumstances." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973)("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); Dickerson v. Louisiana, 816 F.2d 220, 224 - 226 (5th Cir. 1987); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") Pretrial detainees allege special or extraordinary circumstances when the circumstances impact a constitutional right, *habeas* relief would not result in dismissal of the pending criminal proceedings and the pretrial detainee has exhausted all remedies prior to seeking *habeas* relief. Braden, 410 U.S. at 489 - 490, 93 S.Ct. at 1126 - 1127; Dickerson, 816 F.2d at 225 - 226. Obviously, the circumstances under which pretrial detainees might make a viable claims for *habeas* relief are extremely limited. Thus, though District Courts can consider pretrial detainees' petitions under

---

to acknowledge of address it.

Section 2241, they rarely, if ever, do so finding that (1) they should abstain from exercising jurisdiction and/or (2) they do not have jurisdiction because petitioners have not exhausted State and Federal Court remedies. See for example Chaparro v. Reardon, 2014 WL 4662233 (D.N.J.); Elkins v. United States, 2012, WL 1016066 (W.D.Va.)("[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings."); Mitchell v. Harry, 2013 WL 6283691 (M.D. Pa.); Smith v. PA State Attorney General, 2011 WL 6012976 (M.D.Pa.); Davis v. South Carolina, 2008 WL 154126 (D.S.C.); Clark v. Anderson, 2001 WL 1631538 (N.D. Tex.); Moore v. United States, 875 F.Supp. 620 (D.Neb. 1994). The District Court should do the same in this case.

The circumstances underlying Petitioner's claims of violations of his Fourth, Fifth and Fourteenth Amendment rights to be free from illegal searches and seizures and due process and Sixth Amendment right to effective assistance of counsel do not qualify as special or extraordinary circumstances justifying their consideration under Section 2241. By his claims, Petitioner essentially challenges the consistency and integrity of the investigations and evidence they yielded against him in the Kanawha County criminal proceedings. While his claims indicate that there are evidentiary issues impacting Petitioner's trial in the Kanawha County Circuit Court, they do not indicate violations of Petitioner's constitutional rights as Petitioner claims. Clearly, Petitioner is seeking to undermine those State Court proceedings by seeking relief under Section 2241 when he has the opportunity to raise all such claims in those proceedings and on appeal if necessary through his attorneys to the extent that they have merit. In view of the nature of the claims which Petitioner is attempting to raise under Section 2241, the District Court should abstain from exercising jurisdiction over Petitioner's *habeas* claims based upon Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27

5

L.Ed.2d 669 (1971), and the availability of process in the West Virginia Circuit and Appeals Courts for consideration of the claims which he is attempting to raise in this Court under Section 2241. "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A Court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention doctrine applies in the instant case. First, State Court proceedings are pending and ongoing as Petitioner has yet to stand trial in the Circuit Court of Kanawha County

upon the charges contained in the Indictment in <u>State v. Quinones</u>, Criminal No. 14-F-225. Second, that pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system in determining Petitioner's innocence or guilt of those charges without undue federal interference. Third, the matters in controversy are ongoing and Petitioner will have an adequate opportunity to present the claims which he is attempting to present in this Court under Section 2241 in State Court proceedings. <u>See</u> <u>Gilliam v. Foster</u>, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Finally, there is no indication in this matter that the District Court should make any exception to abstention. Specifically, though Petitioner claims to the contrary, there is no indication of bad faith or harassment by State officials who have handled the investigation and Petitioner's prosecution or that the law to be applied in his prosecution violates his constitutional rights. Rather, it appears that State officials are prosecuting Petitioner with a reasonable expectation of obtaining a valid conviction and constitutionally in conformity with West Virginia procedural and substantive law.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

7

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 6, 2015.

R. Clarke VanDervort
United States Magistrate Judge

8