# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MIGUEL QUINONES,

            Petitioner,

v.                                                           CIVIL ACTION NO. 2:15-cv-00477

J. BINYON,

            Respondent.

### ORDER

Before the Court is Petitioner Miguel Quinones' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) This matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) Magistrate Judge VanDervort filed his PF&R on February 6, 2015, recommending that this Court abstain from exercising jurisdiction over this case and dismiss the Petition. (ECF No. 6.) Petitioner filed timely objections to the PF&R on February 23, 2015. (ECF No. 10.)

Quinones filed the Petition on January 9, 2015, challenging his pretrial detention upon charges contained in a May 2014 indictment in the Kanawha County Circuit Court in *State v. Quinones*, Criminal No. 14-F-225, alleging his involvement in the murder of Mr. Kareem Hunter. (ECF No 1 at 2; ECF No. 6 at 1.) Quinones states six grounds for relief claiming that he is being held in violation of the Constitution or laws of the United States. (*See* ECF No. 1 at 6–9.)

1

A writ of habeas corpus may be issued pursuant to 28 U.S.C. § 2241 only when a prisoner is in custody. *See* § 2241(c); *Hensley v. Mun. Court*, 411 U.S. 345, 351–53 (1973). Quinones' Petition challenges his arrest and pretrial detention related to Criminal No. 14-F-225 in Kanawha County Circuit Court. (ECF No. 1.) However, Quinones was released from custody on those charges due to a not guilty jury verdict.[1] The state judge's Jail Release order, which this Court secured from the Kanawha County Circuit Court and attached to this order, was signed on June 14, 2016. Thus, Quinones is no longer in custody on that indictment, and the Petition is moot.

Accordingly, the Court **OVERRULES** the Objections, (ECF No. 10), **DECLINES TO ADOPT** the PF&R, (ECF No. 6), and **DIMISSES** the Petition as moot, (ECF No. 1). The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336−38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court finds that the basis of the Petition is no longer sustainable and thus **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules

---

[1] The Court notes that Quinones is currently in custody in this District based on a criminal complaint filed in *United States v. Quinones*, Criminal No. 2:16-cr-00116-1. That complaint avers that Quinones violated 18 U.S.C. § 922(g)(1) when, after being convicted in 2000 of second degree murder in the Fayette County Circuit Court, West Virginia, he was located at a residence with a loaded, functional Sig Sauer M400 rifle in plain view. (No. 2:16-cr-00116-1, ECF No. 3.) The Petition in this case was filed over seventeen months before the criminal complaint was filed in that federal case, and the Petition only addresses his pretrial detention in the preceding state case. Thus, the fact that he is currently detained on an unrelated federal charge does not render him "in custody" for purposes of the Petition in this case. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 322–23 (4th Cir. 1994).

Governing Proceedings under 28 U.S.C. § 2254,[2] Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 19, 2017

*[signature]*

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts allows the Court to apply those rules to a habeas corpus petition under 28 U.S.C. § 2241.